Under this ruling none of the grounds of the motion for new trial or the amendments thereto can be considered.

*Judgment affirmed. All the Justices concur.*

MAY 16, 1917.

Complaint for land. Before Judge Thomas. Thomas superior court. June 19, 1916.

*Fondren Mitchell,* for plaintiff in error.

*Roscoe Luke, W. H. Hammond,* and *C. E. Hay,* contra.

---

MITCHELL *v.* McKINNON.

FISH, C. J. There is no complaint that any error of law was committed on the trial. There was evidence to support the verdict. The court did not err in refusing a new trial.

*Judgment affirmed. All the Justices concur.*

MAY 16, 1917.

Claim. Before Judge Thomas. Thomas superior court. June 26, 1916.

*C. P. Hansell* and *Fondren Mitchell,* for plaintiff in error.

*J. H. Merrill,* contra.

---

BRADLEY *v.* LITHONIA & ARABIA MOUNTAIN RAILWAY CO.

ATKINSON, J. 1. If a corporation seeks to condemn private property under the power of eminent domain, and the owner of the property sought to be condemned institutes an equitable action to enjoin the statutory condemnation proceedings on the ground that the corporation has no power of eminent domain, and that the proceedings in reality amount merely to an attempt to take private property for private purposes, and the judge at chambers grants an interlocutory injunction, and, while the case is pending in the Supreme Court on writ of error, another corporation of the same character is organized by the stockholders of the former for the purpose of carrying on the same corporate business, and the latter corporation acquires the properties and franchises of the former and institutes separate proceedings to condemn the land to which the interlocutory injunction related, the pendency of the former suit and the grant of the temporary injunction will not furnish ground for enjoining the condemnation proceedings instituted by the second corporation.

2. A commercial railroad company duly chartered by the secretary of State may ordinarily condemn private property for the purpose of locating its railroad under the power of eminent domain, and may exer-